**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROSIE M. COLLIER** **PLAINTIFF**

**v.** **CASE NO. 4:05-CV-01624 GTE**

**CITY OF LITTLE ROCK, ARKANSAS; BARBARA HYATT, employee; WILLIE CARPENTER, employee; DON FLEGAL, Director Human Resources Department; ANDRE BERNARD, Director of Housing and Neighborhood** **DEFENDANTS**

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss. In its Order dated April 23, 2007, the Court stated that in thirty days it would grant the Motion to Withdraw filed by Plaintiff's appointed counsel, Lorraine Hatcher. The Court also directed Plaintiff to respond to all outstanding discovery on or before May 30, 2007, and informed her that "any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this Court." The Court also advised the Plaintiff that "**her failure to timely comply with this Order will result in the *sua sponte* dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)**."

On May 30, 2007, Plaintiff filed a motion requesting an extension of time to comply with all outstanding discovery. However, as Plaintiff failed to state whether opposing counsel objected to the motion,[1] the Court's law clerk contacted Defendants' counsel to ascertain whether

---

[1]Local Rule 6.2 provides, "In every motion . . . for any extension of time . . . , the motion shall state that the movant has contacted the adverse party (or parties) with regard to the motion, and also state whether the adverse party opposes or does not oppose same. If any such motion

Defendants objected to the extension. As stated in the text order denying Plaintiff's Motion to Extend Time as moot, "Counsel for Defendants [] informed the Court that Plaintiff delivered her responses to the outstanding discovery on 5/30/07."

Defendants argue in their Motion to Dismiss that although they received Plaintiff's discovery responses, Plaintiff failed to comply with Federal Rule of Civil Procedure 33(b)(1), which requires that interrogatories be answered in writing under oath, because her answers were not made under oath. Defendants state that dismissal of this lawsuit is proper pursuant to Federal Rule of Civil Procedure 41(b), which provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In support of their motion, Defendants state that the Court of Appeals for the Eighth Circuit has upheld the dismissal of actions pursuant to Rule 41(b) where the plaintiff has failed to comply with court orders during the discovery process, citing *Aziz v. Wright*, 34 F.3d 587 (8 th Cir. 1994). However, in that case, the magistrate judge issued an order granting defendants permission to depose the plaintiff, and the defendants sent the plaintiff a notice informing him that the deposition would be videotaped. *Id*. at 588. Defendants attempted to depose the plaintiff, but he "objected to being videotaped in his handcuffs, became belligerent, and refused to allow the deposition to commence as long as he remained in handcuffs." *Id*. The magistrate

---

does not contain the statements required by this rule or, alternatively, a statement setting forth extraordinary circumstances which make it impracticable to contact the adverse party (or parties), the motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions."

recommended dismissal pursuant to Federal Rule of Civil Procedure 37(d), which allows the district court to dismiss an action if a party "fails to appear" for his or her deposition. *Id*. at 588-89. After plaintiff was again uncooperative and refused to be deposed a second time, the defendants filed a second motion to dismiss. *Id*. at 589. The district court adopted the magistrate's report and dismissed the plaintiff's complaint. *Id*. While the Eighth Circuit found that a refusal to answer questions or participate does not constitute a "failure to appear" under Rule 37(d), and therefore could not affirm the district court's dismissal on the basis of Rule 37(d), the court affirmed the dismissal pursuant to Rule 41(b) because of plaintiff's willful disregard of the court's order allowing defendants to depose himg. *Id*.

Plaintiff responds by providing an Amended Response to Defendants' Interrogatories and Requests for Production of Documents, which is under oath. Plaintiff also argues that Federal Rule of Civil Procedure 37 requires Defendants to seek a motion to compel, and that Defendants have failed to attempt to resolve this discovery conflict without intervention of the Court.

Contrary to Plaintiff's argument, "no motion to compel is required before dismissal under Rule 37(d)." Aziz, 34 F.3d at 589. "A district court has wide latitude in imposing sanctions for failure to comply with discovery." *Id*. However, the Eighth Circuit has stated, "[a]lthough dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). "The court does not need to find that the plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally." *Id*.

Here, it is not clear that Plaintiff acted deliberately, as opposed to accidentally. In fact, Plaintiff has submitted her amended responses under oath in an effort to cure the error. Plaintiff,

a *pro se* litigant, failed to comply with one provision of the Federal Rules of Civil Procedure. While the Court does expect its pro se litigants to be familiar with, and follow, such rules, this is not a case warranting dismissal. Defendants' motion is denied.

Accordingly,

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Docket No. 87) be, and it is hereby, DENIED.

IT IS SO ORDERED this 9th day of July, 2007.

/s/Garnett Thomas Eisele________
UNITED STATES DISTRICT JUDGE